CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO: *2017-10393*                                    DIVISION

VIKING CONSTRUCTION GROUP, LLC; EDUCATIONAL ELECTRONICS
CORPORATION; NOVO COMMUNICATIONS, LLC; HAL COLLUMS
CONSTRUCTION, LLC;  PERLE CONSTRUCTION GROUP, LLC; and TOM
BRANIGHAN, INC.

VERSUS

SATTERFIELD AND PONTIKES CONSTRUCTION, INC.; SATTERFIELD AND
PONTIKES CONSTRUCTION GROUP, LLC; and CDW SERVICES, LLC

FILED: _____          _____
                                                          DEPUTY CLERK

**PETITION FOR DAMAGES PURSUANT TO THE
LOUISIANA RACKETEERING ACT**

NOW INTO COURT, through undersigned counsel, come VIKING CONSTRUCTION

GROUP, LLC; EDUCATIONAL ELECTRONICS CORPORATION; NOVO

COMMUNICATIONS, LLC; HAL COLLUMS CONSTRUCTION, LLC; PERLE

CONSTRUCTION GROUP, LLC; and TOM BRANIGHAN, INC., who respectfully represents

that:

1.

Made plaintiffs herein are:

(a) Viking Construction Group, LLC ("Viking"), a domestic limited liability company
authorized to do and doing business in this parish and state;

(b) Educational Electronics Corporation ("EEC"), a domestic corporation authorized to
do and doing business in this parish and state;

(c) Novo Communications, LLC ("Novo"), a domestic limited liability company
authorized to do and doing business in this parish and state;

(d) Hal Collums Construction, LLC ("HLC"), a domestic limited liability company
authorized to do and doing business in this parish and state;

(e) Perle Construction Group, LLC ("Perle"), a domestic limited liability company
authorized to do and doing business in this parish and state; and

(f) Tom Branighan, Inc. ("TBI"), a domestic corporation authorized to do and doing
business in this parish and state.

2.

Made Defendants herein are:

(a)    Satterfield and Pontikes Construction, Inc., a corporation organized and existing
under the laws of State of Texas with its principal offices in the County of Harris,
State of Texas and sole owner/member of Satterfield and Pontikes Construction,

[1]

CLERK, CIVIL DISTRICT COURT
421 LOYOLA AVENUE - ROOM 402

504-407-0000

Receipt Date       11/27/2017 3:38:20 PM
Receipt Number     659797
Cashier            mdrane

Register           CDCCASH1

Case Number        2017-10393

Grand Total        $646.50
Amount Received    $646.50
Balance Due        $0.00
Change Due         $0.00

Check #  38473 $646.50

| Item | Charge | Paid | Bal |
|---|---|---|---|
| Petition for Damages | $444.50 | $444.50 | $0.00 |
| Judicial College | $0.50 | $0.50 | $0.00 |
| Building Fund Fee | $25.00 | $25.00 | $0.00 |
| Indigent Legal Fee | $10.00 | $10.00 | $0.00 |
| IRC | $24.50 | $24.50 | $0.00 |
| Additional Plaintiff | $132.00 | $132.00 | $0.00 |
| Supreme Court-Proc | $10.00 | $10.00 | $0.00 |
| essing Fee | | | |



**EXHIBIT
1**

LLC, a limited liability company organized under the laws of the State of Louisiana ⏗ its principal offices in the Parish of Jᴇ ⸳son, State of Louisiana.

(b)    Satterfield and Pontikes Construction Group, LLC, a Louisiana limited liability company with its principal office in Jefferson Parish; and

(c)    CDW Services, LLC, a Louisiana limited liability company with its principal office in Jefferson Parish.

3.

Venue in this Court is proper according to Louisiana Code of Civil Procedure article 42 and 74, *et seq.*

4.

Jurisdiction exists pursuant to La. Rev. Stat. 15:1351, *et seq*, the Louisiana Racketeering Act.

**THE DEFENDANTS**

5.

Satterfield and Pontikes Construction, Inc. is a corporation existing under the laws of the State of Texas, and which is engaged in the business of, *inter alia*, supplying construction services to various entities funded in part by the United States, as a result of which Satterfield and Pontikes Construction, Inc. has received and continues to directly or indirectly receive millions of dollars each year from the United States.

6.

Satterfield and Pontikes Construction Group, LLC, is a limited liability company organized under the State of Louisiana and previously engaged in the business of, *inter alia*, supplying construction services to various entities funded in part by the United States. Satterfield and Pontikes Construction Group, LLC has merged with Satterfield and Pontikes Construction, Inc.

7.

CDW Services, LLC, a Louisiana limited liability company with its principal office in Jefferson Parish and engaged in the business of, *inter alia*, supplying construction services to various entities funded in part by the United States.

8.

Shortly after Hurricane Katrina, Satterfield and Pontikes Construction Group, LLC commenced operation in Louisiana as a single member/manager limited liability company with George A. Pontikes, Jr. as the sole member/manager at all times relevant herein. Upon

[2]

information and belief, Satterfield and Pontikes Construction Group, LLC, while entering into government contracts as the prime contractor, including the ones complained of herein, has never opened a bank account, and all contract funds received and expenses paid (including payroll and health benefits) have been paid by Satterfield and Pontikes Construction, Inc. through bank account(s) with Amegy Bank of Texas, N.A.  Satterfield and Pontikes Construction, Inc. is a Texas based, closely held corporation with George A. Pontikes, Jr. as president/CEO, Laura T. Pontikes, as CFO/Executive Vice President and Charles T. Foti, Jr., as Executive Vice-President.

9.

As more fully shown herein, Satterfield and Pontikes Construction Group, LLC. and Satterfield and Pontikes Construction, Inc. (along with several unnamed co-conspirators) participated in a conspiracy to violate, and have violated, the Louisiana Racketeering Act as alleged more specifically herein by committing multiple predicate acts upon the Plaintiff contractors who bring this suit.

## LOUISIANA RACKETEERING ACT CLAIMS

10.

The acts by the defendants and their co-conspirators, known and unknown, described more fully below, constitute the basis for Plaintiffs to state a claim under the Louisiana Racketeering Act as codified in La. R.S. 15:1351, *et seq.*

11.

**The Enterprise.**   At all times material herein, Defendants, Satterfield and Pontikes Construction, Inc. and Satterfield and Pontikes Construction Group, LLC, were associated in fact and constituted an "Enterprise" as that term is defined in La. R.S. 15:1352(b) and acted as a single business enterprise.

12.

**Purpose of the Enterprise**. The primary purpose of the Enterprise was to secure federal government contracts for direct and indirect federally funded construction projects within Orleans Parish by submitting bids that members of the Enterprise knew would be low enough to guarantee awarding of the contract but which they also knew would be insufficient to adequately and timely complete the work through subcontractors. After securing the contract, Defendants would negotiate change orders through government liaisons or government employees in order to later increase the overall payments to defendants by state and/or federal government above and

beyond the original contracted price. Defendants would also close the gap between their artificial low bid to secure the contract and actual costs plus profits by defrauding subcontractors out of labor, materials, supplies and funds; thereby committing theft by fraud.

13.

**The racketeering acts and conspiracy.** From in or around November 5, 2009 to on or around October 30, 2012, defendants, and other associates, known and unknown, being persons employed by and associated with an enterprise, namely the Enterprise, did violate and, with each other and others known and unknown, conspire and agree to violate La. R.S. 15:1353(C) which makes it unlawful for any person employed by or associated with any Enterprise knowingly to conduct or participate in, directly or indirectly, such Enterprise through a pattern of racketeering activity as that term is defined in La. R.S. 15:1352(C), consisting of at least two incidents of racketeering activity that have the same or similar intents, results, principles, victims, or methods of commission or otherwise are interrelated by distinguishing characteristics and which were not isolated incidents, to-wit: theft by fraud, in violation of La. R.S. 14:67 and La. R.S. 15:1352(A)(10), filing false public records in violation of La. R.S. 14:133 and La. R.S. 15:1352(A)(38) and extortion in violation of La. R.S. 14:66 and La. R.S. 15:1352(A)(9).

14.

**Method of the Racketeering Acts and Conspiracy.** It was part of the violation of the Louisiana Racketeering Act that Defendants, Satterfield and Pontikes Construction Group, LLC and Satterfield and Pontikes Construction, Inc., along with and through Defendants, CDW Services, LLC, and others known and unknown, did commit multiple acts of theft by fraud in violation of La. R.S. 14:67 in order to obtain and maintain lucrative government contracts by underbidding the contract and making up the difference by committing theft by means of fraudulent conduct, practices or representations against subcontractors hired and actually performing the work; and in doing so:

(a)   Intentionally underbid available government contracts to ensure their selection for these contracts without having subcontractors' bids;

(b)   Initiated negotiations with subcontractors for the awarded contract which immediately put the entire project behind schedule;

(c)   Induced the subcontractors to sign a contract with S&P, LLC containing an arbitration clause mandating arbitration in Texas without disclosing

[4]

that the entire project would be run and managed by S&P, Inc. and S&P LLC was just a sham entity established solely to protect S&P, Inc. from liability for S&P, LLC's actions in defrauding subcontractors.

(d)    Demanded subcontractors use more time and manpower than the subcontractor's bid anticipated because the project is behind schedule;

(e)    S&P delayed payment of subcontractors despite certifying they are being paid on time;

(f)    Ordered sub-contractors to perform more work than their subcontract required by promising a change order will be submitted to the owner with the intent of never paying for the work if the change order is not approved;

(g)    Demanded subcontractors use other construction crews not on their payroll and then back charge the subcontractor for the additional crews at a rate S&P desired with the intent to create false liability against the subcontractor if they should ever demand full compensation;

(h)    Preyed on small, underfunded subcontractors, particularly disadvantaged business entities by luring them into business with promises of work and large financial rewards;

(i)    Kept these unpaid or underpaid subcontractors working on the job by promising payment upon completion of the job and/or by promising future jobs;

(j)    Fired the subcontractors after a substantial portion of the work was completed but before a commensurate portion of the payments to the subcontractors had been made, thereby, allowing Defendants to hire friends and former colleagues to finish the small portion of work remaining and retain the unpaid portion due the fired subcontractor;

(k)    Bonded around any liens filed by cheated subcontractors and forced them to arbitrate the dispute in Texas or take substantially less than what was owed.

(l)    Requested proposals from subcontractors for future work under the guise that the subcontractor would obtain the job, requiring the subcontractor to spend significant time and effort to create a written job plan and supplies

[5]

list to be turned over to Defendants, only to have Defendants award the job to subcontractors and independent contractors who were friends and/or colleagues of Defendants and who performed the future project using the work product of the original subcontractors;

(m)     Forced subcontractors off of jobs due to non-payment, and then used their work product, punch lists, etc. to improperly allow friends and former colleagues to complete the job;

(n)     Made oral promises and assurances to subcontractors, some of whom were disadvantaged business enterprises, in order to get these subcontractors to outlay funds under the guise of receiving a job they never received and without returning their funds.

(o)     Filed false documents with the Louisiana Secretary of State; and

(p)     It was further part of the violation of and conspiracy to violate the Louisiana Racketeering Act that the Defendants, along with other associates, committed the following specific acts:

a.      **JACKSON BARRACKS PROJECT**

15.

The Project is more completely defined in the Contract Documents as Repair & Upgrade, Historic Garrison Structures 2,3,4,5 & 6, Jackson Barracks, New Orleans, LA, Project No. 01-107-05B-13, Part PE (PW# 10580), State ID No. S00146, S00147, S00148, S00149, S00150, Site Code 1-36-004

16.

As a requirement in the Contract, S&P furnished Performance and Payment Bonds in the amount of $7,300,000.00 ("Bonds"). The Bonds were issued by Western and Safeco.

17.

On February 3, 2010, the Contract and Bond were filed into the mortgage records of the Parish of Orleans.

18.

S&P subcontracted a portion of the work ("Subcontract") required on the Project to CDW Services, LLC ("CDW").

[6]

19.

CDW required assistance to perform the painting and associated work ("Painting Work") for the Subcontract.

20.

CDW contacted Perle to solicit Perle's help in performing the Painting Work.

21.

Perle entered into an oral agreement with CDW to perform the Painting Work for the Project.

22.

Perle contracted with PQ Construction, L.L.C. ("PQ") to supply labor to complete the Painting Work.

23.

PQ, while working for Perle, began performance of the Painting Work on the Project.

24.

CDW knew that PQ was working for Perle and acknowledged Perle's control over the Painting Work in correspondence.

25.

PQ invoiced Perle for the Painting Work as the Painting Work was being performed.

26.

Perle paid the invoices submitted by PQ for the Painting Work performed under Perle's agreement with CDW.

27.

Perle invoiced CDW for the Painting Work as agreed.

28.

After weeks of work were performed under the contract between Perle and CDW, CDW desired to contract directly with PQ.

29.

In August 2010, CDW contracted with PQ to perform the remainder of the Painting Work.

30.

CDW did not pay Perle's invoices, even though the labor had been supplied as agreed.

[7]

31.

On information and belief, CDW has been paid for the work that Perle has performed.

32.

On information and belief, CDW has not paid PQ for all of the work PQ performed directly for CDW.

33.

On December 8, 2010, Perle recorded a Statement of Claim ("Lien") in the mortgage records of the Parish of Orleans and contemporaneously furnished to CDW, S&P, CDW's surety, S&P's sureties, and the State a copy of the Lien.

34.

On March 22, 2011, CDW and its principal Christopher D. Walker, in conspiracy with S&P, filed a verified petition for summary proceeding in Civil District Court in the Parish of Orleans containing materially false statements in the public records of the Court in order to remove the lien lawfully filed by Perle.

35.

The CDW Petition, verified by Christopher D. Walker, contains materially false statements, including the following:

> 6. CDW has never had any subcontract or a contract of any type or kind with Perle for the Project. Furthermore, Perle has never been a subcontractor, or otherwise provided any labor for CDW at the project.

> 7. Perle did not perform any work, labor, or services for CDW concerning the Project and it cannot be classified and/or considered a contractor or subcontractor of CDW concerning the project.

36.

S&P sent Mr. Christopher Roberts, its project manager for the Jackson Barracks project, to the hearing on the CDW Petition to testify in support of CDW.

37.

By means of fraudulent conduct, practices and representations, (including filing a false public record into the records for the Civil District Court for the Parish of Orleans and the Louisiana Fourth Circuit Court of Appeals) CDW, Christopher D. Walker and S&P took the

[8]

goods and services belonging to Perle with the intent to permanently deprive Perle of any compensation for those goods and services.

**b.      WORLD WAR II MUSEUM AND JACKSON BARRACKS**

38.

Hal Collums Construction had a previous relationship with S&P from their work at the World War II project and was still owed money from that job.

39.

Nevertheless, they were the low bidder and the most qualified bidder on the Jackson Barracks project with the largest number of inclusions in their workscope as compared to the pricing received for wood frame replacement and millwork.

40.

HCC was sent a partial scope contract, which Hal Collums signed and returned, but the contract was not signed by the New Orleans Region Business Unit Manager James Brogan ("Brogan").

41.

Still, HCC was notified to begin work on the project.

42.

On 24-26 February 2010 HCC had inventoried and labeled all of the damaged wood framing materials for replacement.

43.

The results of that survey were submitted by S&P to the project architect and approved.

44.

HCC signed a partial scope contract on 15 March and mobilized the next day to begin site demolition.

45.

HCC worked for several weeks all the while requesting the return of a signed contract.

46.

HCC submitted their first payment request for services rendered and billed for $100k.

47.

The Regional Manager of S&P did not sign his contract, refused to pay for HCC services.

[9]

48.

Lawrence Williams, the S&P Project Manager was instructed by Jim Brogan to gather pricing on the portions of the HCC workscope and provided Brogan with a detailed spreadsheet of the breakdown.

49.

The total price for HCC entire scope was to have been $2,598,805.

50.

Brogan directed which contractors were to have the various sub-scopes.

51.

Brogan contracted Sterling Doucette to perform a portion of the remaining HCC scope of work for $198,395 more than HCC had priced that segment.

52.

Doucette had a prior relationship with S&P through a DBE bypass at St. Mary's High School Project in which he was to share in the profit.

53.

The Doucette superintendent at Jackson Barracks was Cornell Cummings who had a business relationship with Rodney Williams the owner of Three Fold Consultants, the Construction Manager of the St. Mary's Project.

54.

The remaining balance of the HHC scope was awarded to CDW Services, LLC as negotiated by Reginald Walker for his son Christopher Walker.

55.

HCC was never paid for their documented work until HCC hired legal representation and then was only paid an unconditional tender of half of what was owed.

56.

S&P kept over half of what was owed to HCC despite using the work performed by HCC to complete the contract at Jackson Barracks.  S&P kept monies belonging to HCC with the intent to permanently deprive HCC of those funds constituting theft under Louisiana law.

c.     **ST. MARY'S ACADEMY**

**St. Mary's Contract Procurement**

[10]

57.

Satterfield & Pontikes Construction Group, L.L.C. sought the St. Mary's contract by entering into a joint venture with Doucette Associated Contractors, Inc. to bid on the contract. Upon information and belief, Landis was the lead contender to get St. Mary's contract but just prior to the bid consideration Doucette Associated Contractors, Inc. (joint venture partner with S&P) and Jim Brogan contacted Levi Sims to obtain the phone number for Cornell Cummings, (an employee responsible for supervising FEMA funding on St. Mary's) to have him influence the award process to it would go to Satterfield and Pontikes Construction Group, LLC/ Doucette Associated Contractors, Inc joint venture.

58.

WSFM, LLC (formerly known as James Lee Witt Associates, LLC) (hereinafter, "JLWA"), served as a hired consultant to the State of Louisiana in regard to federal funding provided to the St. Mary's and Cornell Cummings was an employee of JLWA assigned to the Project.

59.

Satterfield and Pontikes Construction Group, LLC/ Doucette Associated Contractors, Inc. won the contract for St. Mary's Academy New Campus – Seven Buildings worth $31.9 million dollars.

60.

Soon after the award of the St. Mary's contract, Doucette Associated Contractors, Inc. was given sub-contract work at Jackson Barracks that had previously been contracted to Hal Collum's company, Hal Collums Construction, L.L.C

61.

The work at Jackson Barracks given to Doucette Associated Contractors, Inc. by Satterfield and Pontikes Construction Group, LLC was for a smaller scope of work and more money than the previous sub-contract promised to Hal Collums Construction, LLC and resulted in significant delays and deficient work at Jackson Barracks. Cornell Cummings was hired as the Project Manager for the work at Jackson Barracks by Doucette Associated Contractors, Inc.

**d.     AIRCRAFT RESCUE and FIREFIGHTER FACILITY ("ARFF")**

62.

On July 25, 2012, attorney for Satterfield & Pontikes, Denis Ducran, called attorney J. Alex Watkins and proposed a "walk away" settlement where both sides settle for no payment. As part of that conversation attorney for Satterfield & Pontikes threatened to report John Fontenot, owner of Viking, for federal payroll fraud associated with pay applications submitted on the ARFF project.

63.

With the threat of an accusation of federal payroll fraud, Mr. Fontenot, the owner of Viking was prevented from presenting his claim in the arbitration.

64.

Despite being unable to testify in person, Viking successfully opposed S&P's claims in the arbitration, including reimbursement of the alleged payroll fraud amounts.

65.

Because John Fontenot refused the "walk away" settlement, and despite being unable to prove the payroll fraud in the arbitration, Satterfield & Pontikes reported John Fontenot for federal payroll fraud to the OIG.

66.

John Fontenot and Viking have incurred attorney fees in defense of the criminal accusation made against his employees and himself and was prevented in presenting his company's claim.

**L.B. LANDRY**

67.

Educational Electronics Corporation ("EEC") was contracted to install the special systems at the L.B. Landry High School Project by Tom Branighan Inc. ("TBI").

68.

EEC installed the Fire Alarm, intercom, gym & cafeteria sound system, security camera system, data/tv/phone wiring as required.

[12]

69.

EEC hired Novo Communications, LLC ("Novo") to install the data/tv/phone wiring at the L.B. Landry High School Project.

70.

Satterfield & Pontikes Construction Group, L.L.C. ("S&P"), the General Contractor on this project forced a "Quality Control" person named John Wallace with Coastal Electric Constructors, Inc. a Tampa, Florida based company and working for William T. Tucker d/b/a Tucker Electric Company, an Alabama based individual (Tucker Electric).

71.

TBI and EEC strongly opposed this move, however this person, was forced upon TBI and EEC by Mr. Chris Head, the project manager of S&P.

72.

TBI and EEC stated to Mr. Chris Head of S&P that Mr. Wallace was not qualified and there was no reason for him to be on the project other than to take money from EEC, TBI and Novo.

73.

Mr. Chris Head refused to remove Mr. Wallace and threatened to wrongfully back charge EEC, TBI and Novo a substantial amount of money at his discretion if they didn't shut up and pay Mr. Wallace.

74.

Over time EEC, TBI and Novo found Mr. Wallace was not on site as his bill stated, he did not have any idea what was going on, and was performing work for Mr. Head while charging EEC, TBI and Novo with Mr. Wallace's bill.

75.

EEC was told by TBI that we are to be responsible for half of the "Quality Control" payments, which amounted to $33,000.00. Of this amount, EEC charged Novo $13,000.00, of the above amount.

76.

This scheme was reported in a petition filed in Civil District Court for the Parish of Orleans, case number 11-129 and entitled: *A&A Mechanical, Inc. versus Satterfield & Pontikes*

[13]

*Construction Group, L.L.C. and Chris Head.* However, EEC was the original source of the information set forth in the petition as it was reported to the FBI months prior to this publication.

g.     **FILING A FALSE PUBLIC RECORD**

77.

Satterfield & Pontikes Construction Group, L.L.C. filed public records with the Louisiana Secretary of State on April 1, 2010; May 12, 2010; February 10, 2011; February 22, 2011; August 25, 2011; February 23, 2012; and October 30, 2012 with the knowledge that the records made the false assertion that the sole member/manager was George Pontikes when in fact the sole member/manager was Satterfield and Pontikes Construction Inc.

78.

The identification of the L.L.C. member/manager is material.

79.

On May 18, 1990, Satterfield and Pontikes Construction Inc. was incorporated under the laws of the State of Texas.

80.

On August 18, 1997, George Pontikes filed an application for a Certificate of Authority to Transact Business in the state of Louisiana on behalf of Satterfield and Pontikes Construction Inc.

81.

George Pontikes is, and was at the time of all relevant filings with the State of Louisiana Secretary of State, a Corporate director of Satterfield and Pontikes Construction Inc.

82.

On November 9, 2005, George Pontikes organized the Satterfield & Pontikes Construction Group, L.L.C., under the laws of the State of Louisiana.

83.

On November 9, 2005, George Pontikes filed the article of organization of Satterfield & Pontikes Construction Group, L.L.C., with the State of Louisiana Secretary of State.

84.

The State of Louisiana Secretary of State is a "public body" defined by LSA-R.S. 44:1.

[14]

85.

The Satterfield & Pontikes Construction Group, L.L.C., articles of organization filed with the State of Louisiana Secretary of State are "public records" as defined by LSA-R.S. 44:1.

86.

On November 9, 2005, Satterfield & Pontikes Construction Group, L.L.C., was a single member L.L.C., with George Pontikes as the sole member/manager.

87.

On November 10, 2005, George Pontikes assigned 100% of his membership interest in Satterfield & Pontikes Construction Group, L.L.C., to Satterfield & Pontikes Construction, Inc.

88.

On November 10, 2005, George Pontikes assigned 100% of his membership interest in Satterfield & Pontikes Construction Group, L.L.C., to Satterfield & Pontikes Construction, Inc., in consideration of No/100 ($100) Dollars, and for other good and valuable consideration acknowledged by each party.

89.

The document assigning George Pontikes' membership interest in Satterfield & Pontikes Construction Group, L.L.C. to Satterfield and Pontikes Construction, Inc. was signed by George Pontikes of Satterfield & Pontikes Construction Group, L.L.C. as Assignor, and Ron Byrd II of Satterfield and Pontikes Construction, Inc. as Assignee.

90.

The assignment of membership interest of Satterfield & Pontikes Construction Group, L.L.C. from George Pontikes to Satterfield and Pontikes Construction, Inc. was recorded in the ordinary course of business of Satterfield & Pontikes Construction Group, L.L.C.

91.

The assignment of membership interest of Satterfield & Pontikes Construction Group, L.L.C. from George Pontikes to Satterfield and Pontikes Construction, Inc. was recorded in the ordinary course of business of Satterfield and Pontikes Construction, Inc.

92.

On April 1, 2010, Satterfield & Pontikes Construction Group, L.L.C., filed "Articles of Amendment to Articles of Organization of Satterfield & Pontikes Construction Group, L.L.C."

with the State of Louisiana Secretary of State, representing George Pontikes as the Sole Member/Manager of Satterfield & Pontikes Construction Group, L.L.C.

93.

On April 1, 2010, Satterfield & Pontikes Construction Group, L.L.C. represented that George Pontikes was authorized to certify (1) Membership of any member; (2) Authenticity of any records of the Limited Liability Company; and (3) the authority of any person to act on behalf of Satterfield & Pontikes Construction Group, L.L.C.

94.

The April 1, 2010 Amendment to Satterfield & Pontikes Construction Group, L.L.C.'s Articles of Organization, filed with the State of Louisiana Secretary of State, was signed by George Pontikes.

95.

The "Articles of Amendment to Articles of Organization of Satterfield & Pontikes Construction Group, L.L.C." is a "public record" as defined by LSA-R.S. 44:1.

96.

On April 1, 2010, Satterfield & Pontikes Construction Group, L.L.C. filed an "Authorization of Authority and Consent of Member" document with the State of Louisiana Secretary of State representing, and expressly certifying, that George Pontikes was the sole Member/Manager of the Company.

97.

The "Authorization of Authority and Consent of Member" document is a "public record" as defined by LSA-R.S. 44:1.

98.

The April 1, 2010 "Authorization and Consent of Member" document purported to place authority in Charles T. Fote Jr., Peter Holland, Francis M. Roetzel, James J. Brogan, Jason Haralson, John S. Marshall, Alexander S. McGaughan Jr., and Janet M. Townsley, as agents, to execute, acknowledge, and deliver Bids and Contract Documents on behalf of Satterfield & Pontikes Construction Group, L.L.C.

99.

The April 1, 2010 "Authorization of Authority and Consent of Member" document filed with the State of Louisiana Secretary of State was signed by George Pontikes.

[16]

100.

On April 1, 2010, George Pontikes was no longer a Member/Manager of Satterfield & Pontikes Construction Group, L.L.C.

101.

Pursuant to the April 1, 2010 "Authorization and Consent of Member" document, Charles T. Fote Jr., Peter Holland, Francis M. Roetzel, James J. Brogan, Jason Haralson, John S. Marshall, Alexander S. McGaughan Jr., and Janet M. Townsley, did not have authority to execute, acknowledge, or deliver Bids and Contract Documents on behalf of Satterfield & Pontikes Construction Group, L.L.C. because George Pontikes was not a Member/Manager with the authority to consent to the vesting of authority in any agent of Satterfield & Pontikes Construction Group, L.L.C.

102.

On May 12, 2010, Satterfield & Pontikes Construction Group, L.L.C. filed an "Amended Authorization of Authority and Consent of Member" document with the State of Louisiana Secretary of State representing, and expressly certifying, that George Pontikes was the sole Member/Manager of the Company.

103.

The "Amended Authorization of Authority and Consent of Member" document is a "public record" as defined by LSA-R.S. 44:1.

104.

The May 12, 2010 "Amended Authorization and Consent of Member" document purported to place authority in Charles T. Fote Jr., Peter Holland, Francis M. Roetzel, James J. Brogan, Jason Haralson, John S. Marshall, Alexander S. McGaughan Jr., and Janet M. Townsley, as agents, to execute, acknowledge, and deliver Bids and Contract Documents on behalf of Satterfield & Pontikes Construction Group, L.L.C.

105.

The May 12, 2010 "Amended Authorization of Authority and Consent of Member" document filed with the State of Louisiana Secretary of State was signed by George Pontikes.

[17]

106.

On May 12, 2010, George Pontikes was no longer a Member/Manager of Satterfield & Pontikes Construction Group, L.L.C.

107.

Pursuant to the May 12, 2010 "Authorization and Consent of Member" document, Charles T. Fote Jr., Peter Holland, Francis M. Roetzel, James J. Brogan, Jason Haralson, John S. Marshall, Alexander S. McGaughan Jr., and Janet M. Townsley, did not have authority to execute, acknowledge, or deliver Bids and Contract Documents on behalf of Satterfield & Pontikes Construction Group, L.L.C. because George Pontikes was not a Member/Manager with the authority to consent to the vesting of authority in any agent of Satterfield & Pontikes Construction Group, L.L.C.

108.

On February 10, 2011, Satterfield & Pontikes Construction Group, L.L.C. filed a "Second Amended Authorization of Authority and Consent of Member" document with the State of Louisiana Secretary of State representing, and expressly certifying, that George Pontikes was the sole Member/Manager of the Company.

109.

The "Second Amended Authorization of Authority and Consent of Member" document is a "public record" as defined by LSA-R.S. 44:1.

110.

The February 10, 2011 "Second Amended Authorization and Consent of Member" document purported to place authority in Charles T. Fote Jr., Peter Holland, Francis M. Roetzel, Jason Haralson, John S. Marshall, Alexander S. McGaughan Jr., and Janet M. Townsley, as agents, to execute, acknowledge, and deliver Bids and Contract Documents on behalf of Satterfield & Pontikes Construction Group, L.L.C.

111.

The February 10, 2011 "Second Amended Authorization of Authority and Consent of Member" document filed with the State of Louisiana Secretary of State was signed by George Pontikes.

[18]

112.

On February 10, 2011, George Pontikes was no longer a Member/Manager of Satterfield & Pontikes Construction Group, L.L.C.

113.

Pursuant to the February 10, 2011 "Second Amended Authorization and Consent of Member" document, Charles T. Fote Jr., Peter Holland, Francis M. Roetzel, Jason Haralson, John S. Marshall, Alexander S. McGaughan Jr., and Janet M. Townsley, did not have authority to execute, acknowledge, or deliver Bids and Contract Documents on behalf of Satterfield & Pontikes Construction Group, L.L.C. because George Pontikes was not a Member/Manager with the authority to consent to the vesting of authority in any agent of Satterfield & Pontikes Construction Group, L.L.C.

114.

On February 22, 2011, Satterfield & Pontikes Construction Group, L.L.C. filed a "Third Amended Authorization of Authority and Consent of Member" document with the State of Louisiana Secretary of State representing, and expressly certifying, that George Pontikes was the sole Member/Manager of the Company.

115.

The "Third Amended Authorization of Authority and Consent of Member" document is a "public record" as defined by LSA-R.S. 44:1.

116.

The February 22, 2011 "Third Amended Authorization and Consent of Member" document purported to place authority in Joseph Montagino, Charles T. Fote Jr., Peter Holland, Francis M. Roetzel, Jason Haralson, John S. Marshall, Alexander S. McGaughan Jr., and Janet M. Townsley, as agents, to execute, acknowledge, and deliver Bids and Contract Documents on behalf of Satterfield & Pontikes Construction Group, L.L.C.

117.

The February 22, 2011 "Third Amended Authorization of Authority and Consent of Member" document filed with the State of Louisiana Secretary of State was signed by George Pontikes.

[19]

118.

On February 22, 2011, George Pontikes was no longer a Member/Manager of Satterfield & Pontikes Construction Group, L.L.C.

119.

Pursuant to the February 22, 2011 "Third Amended Authorization and Consent of Member" document, Joseph Montagino, Charles T. Fote Jr., Peter Holland, Francis M. Roetzel, Jason Haralson, John S. Marshall, Alexander S. McGaughan Jr., and Janet M. Townsley, did not have authority to execute, acknowledge, or deliver Bids and Contract Documents on behalf of Satterfield & Pontikes Construction Group, L.L.C. because George Pontikes was not a Member/Manager with the authority to consent to the vesting of authority in any agent of Satterfield & Pontikes Construction Group, L.L.C.

120.

On August 25, 2011, Satterfield & Pontikes Construction Group, L.L.C. filed a "Fourth Amended Authorization of Authority and Consent of Member" document with the State of Louisiana Secretary of State representing, and expressly certifying, that George Pontikes was the sole Member/Manager of the Company.

121.

The "Fourth Amended Authorization of Authority and Consent of Member" document is a "public record" as defined by LSA-R.S. 44:1.

122.

The August 25, 2011 "Fourth Amended Authorization and Consent of Member" document purported to place authority in Joseph Montagino, Charles T. Fote Jr., Peter Holland, Francis M. Roetzel, Jason Haralson, John S. Marshall, Kenneth E. Smith, and Janet M. Townsley, as agents, to execute, acknowledge, and deliver Bids and Contract Documents on behalf of Satterfield & Pontikes Construction Group, L.L.C.

123.

The August 25, 2011 "Fourth Amended Authorization of Authority and Consent of Member" document filed with the State of Louisiana Secretary of State was signed by George Pontikes.

[20]

124.

On August 25, 2011, George Pontikes was no longer a Member/Manager of Satterfield & Pontikes Construction Group, L.L.C.

125.

Pursuant to the August 25, 2011 "Fourth Amended Authorization and Consent of Member" document, Joseph Montagino, Charles T. Fote Jr., Peter Holland, Francis M. Roetzel, Jason Haralson, John S. Marshall, Kenneth E. Smith, and Janet M. Townsley, did not have authority to execute, acknowledge, or deliver Bids and Contract Documents on behalf of Satterfield & Pontikes Construction Group, L.L.C. because George Pontikes was not a Member/Manager with the authority to consent to the vesting of authority in any agent of Satterfield & Pontikes Construction Group, L.L.C.

126.

On February 23, 2012, Satterfield & Pontikes Construction Group, L.L.C. filed a "Fifth Amended Authorization of Authority and Consent of Member" document with the State of Louisiana Secretary of State representing, and expressly certifying, that George Pontikes was the sole Member/Manager of the Company.

127.

The "Fifth Amended Authorization of Authority and Consent of Member" document is a "public record" as defined by LSA-R.S. 44:1.

128.

The February 23, 2012 "Fifth Amended Authorization and Consent of Member" document purported to place authority in Joseph Montagino, Charles T. Fote Jr., Peter Holland, Francis M. Roetzel, Jason Haralson, John S. Marshall, Kenneth E. Smith, and Denis G. Ducran, as agents, to execute, acknowledge, and deliver Bids and Contract Documents on behalf of Satterfield & Pontikes Construction Group, L.L.C.

129.

The February 23, 2012 "Fifth Amended Authorization of Authority and Consent of Member" document filed with the State of Louisiana Secretary of State was signed by George Pontikes.

130.

On February 23, 2012, George Pontikes was no longer a Member/Manager of Satterfield & Pontikes Construction Group, L.L.C.

131.

Pursuant to the February 23, 2012 "Fifth Amended Authorization and Consent of Member" document, Joseph Montagino, Charles T. Fote Jr., Peter Holland, Francis M. Roetzel, Jason Haralson, John S. Marshall, Kenneth E. Smith, and Denis G. Ducran, did not have authority to execute, acknowledge, or deliver Bids and Contract Documents on behalf of Satterfield & Pontikes Construction Group, L.L.C. because George Pontikes was not a Member/Manager with the authority to consent to the vesting of authority in any agent of Satterfield & Pontikes Construction Group, L.L.C.

132.

On September 13, 2012, Denis G. Ducran of Satterfield and Pontikes Construction, Inc. produced a business record of Satterfield and Pontikes Construction, Inc. labeled "Assignment of LLC Membership Interest" in the course of pending litigation.

133.

The document labeled "Assignment of LLC Membership Interest" produced by Denis G. Ducran on September 13, 2012 was dated November 10, 2005.

134.

The document labeled "Assignment of LLC Membership Interest" produced by Denis G. Ducran on September 13, 2012 was signed by George Pontikes on November 10, 2005.

135.

The document labeled "Assignment of LLC Membership Interest" produced by Denis G. Ducran on September 13, 2012 effectively transferred 100% of George Pontikes' membership interest in Satterfield & Pontikes Construction Group, L.L.C. to Satterfield and Pontikes Construction, Inc. on November 10, 2005.

136.

On October 30, 2012, Satterfield & Pontikes Construction Group, L.L.C. filed a "Plan of Short Form Merger" with the State of Louisiana Secretary of State representing that Satterfield & Pontikes Construction Group, L.L.C. was to become a wholly owned subsidiary of Satterfield and Pontikes Construction, Inc. as of 12:01 a.m., C.S.T., November 1, 2012.

137.

The "Plan of Short Form Merger" document is a "public record" as defined by LSA-R.S. 44:1.

138.

The October 30, 2012 "Plan of Short Form Merger" document purported to be approved and adopted by the Unanimous Written Consent of the Sole Member and Manager of Satterfield & Pontikes Construction Group, L.L.C., George Pontikes.

139.

The October 30, 2012 "Plan of Short Form Merger" document was signed by George Pontikes on behalf of Satterfield & Pontikes Construction Group, L.L.C.

140.

The October 30, 2012 "Plan of Short Form Merger" document was signed by George Pontikes on behalf of Satterfield and Pontikes Construction, Inc.

141.

On October 30, 2012, George Pontikes did not have authority to transfer membership interest in Satterfield & Pontikes Construction Group, L.L.C. because George Pontikes was no longer a Member/Manager of Satterfield & Pontikes Construction Group, L.L.C.

142.

As of November 10, 05, Satterfield & Pontikes Construction Group, L.L.C. was a wholly owned subsidiary of Satterfield and Pontikes Construction, Inc.

143.

As of November 10, 2005, George Pontikes knew that he was no longer a Member/Manager of Satterfield & Pontikes Construction Group, L.L.C.

144.

Pursuant to La.R.S. 15:1356, Plaintiffs herein were injured and have suffered damages as a result of violation(s) of La.R.S. 15:1353 committed by Defendants and/or their co-conspirators, known and unknown, and as such, are entitled to recover lost profits, other monies owed or taken, and three times the actual damages sustained, and interest, attorney's fees and reasonable costs of investigation and litigation.

145.

Plaintiffs strictly reserve their right to supplement and amend this Petition.

[23]

WHEREFORE, ~~tiffs~~, VIKING CONSTRUCTION GR~~P~~, LLC; EDUCATIONAL ELECTRONICS CORPORATION; NOVO COMMUNICATIONS, LLC; HAL COLLUMS CONSTRUCTION, LLC; PERLE CONSTRUCTION GROUP, LLC; and TOM BRANIGHAN, INC., pray that defendants, **SATTERFIELD AND PONTIKES CONSTRUCTION, INC., SATTERFIELD AND PONTIKES CONSTRUCTION GROUP, LLC,** and **CDW SERVICES, LLC** be served with a copy of this petition, and after being duly cited to appear and answer hereto, and after the expiration of all legal delays and due proceedings are had, there be judgment in favor of plaintiffs and against defendants in an amount of damages to be determined and found reasonable at trial, together with legal interest thereon from the date of judicial demand until paid in full, as well as all costs and disbursements of these proceedings, and all other general and equitable relief as the court may deem fit.

Respectfully submitted,

**CAPITELLI & WICKER**

**JAMES A. WATKINS (La. Bar No. 29472)**
1100 Poydras Street, Suite 2950
New Orleans, LA 70163
Telephone:   (504) 582-2425
Facsimile:   (504) 582-2422
ATTORNEY FOR PLAINTIFFS

**PLEASE SERVE:**

**SATTERFIELD AND PONTIKES CONSTRUCTION, INC.**
Through its agent for service:
C T CORPORATION SYSTEM
3867 PLAZA TOWER DR.
BATON ROUGE, LA 70816

**A TRUE COPY**

DEPUTY CLERK CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA

**SATTERFIELD AND PONTIKES CONSTRUCTION GROUP, LLC**
Through its agent for service:
C T CORPORATION SYSTEM
3867 PLAZA TOWER DR.
BATON ROUGE, LA 70816

**CDW SERVICES, LLC**
Through its agent for service:
CHRIS D. WALKER
721 PAPWORTH AVE., SUITE 101
METAIRIE, LA 70005

[24]

ATTORNEY'S NAME:  Watkins, James A 29472
AND ADDRESS:  1100 Poydras Street, Suite 2950 , New Orleans, LA 70163

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

NO: 2017-10393  DIVISION: C  SECTION: 10

## VIKING CONSTRUCTION GROUP, LLC. ETAL ET AL

### Versus

## SATTERFIELD AND PONTIKES CONSTRUCTION, INC. ETAL ET AL

## CITATION

TO:  CDW SERVICES, LLC

THROUGH:  ITS AGENT FOR SERVICE: CHRIS D. WALKER

721 PAPWORTH AVE., SUITE # 101, METAIRIE, LA 70005

### YOU HAVE BEEN SUED:

You must either comply with the demand contained in the

Petition for Damages

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15) days after the service hereof under penalty of default.

## ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans Lawyer Referral Service at 504-561-8828. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

**IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA October 30, 2017**

| | |
|---|---|
| **Clerk's Office, Room 402, Civil Courts**<br>**421 Loyola Avenue**<br>**New Orleans, LA** | **DALE N. ATKINS, Clerk of**<br>**The Civil District Court**<br>**for the Parish of Orleans**<br>**State of LA**<br>**by** _____<br>**Christine Thrift, Deputy Clerk** |

---

## SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ _____ served a copy of the within | On this _____ day of _____ _____ served a copy of the within |
| **Petition for Damages** | **Petition for Damages** |
| ON **CDW SERVICES, LLC** | ON **CDW SERVICES, LLC** |
| THROUGH: **ITS AGENT FOR SERVICE: CHRIS D. WALKER** | THROUGH: **ITS AGENT FOR SERVICE: CHRIS D. WALKER** |
| Returned the same day | by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said **CDW SERVICES, LLC** being absent from the domicile at time of said service. |
| _____ No. _____ | |
| Deputy Sheriff of _____ | |
| Mileage: $ _____ | Returned the same day |
| _____ / ENTERED / _____ | _____ No. _____ |
| PAPER    RETURN | Deputy Sheriff of _____ |
| _____ / _____ / | |
| SERIAL NO.    DEPUTY    PARISH | |

ATTORNEY'S NAME:   Watkins, James A 29472
AND ADDRESS:        1100 Poydras Street, Suite 2950 , New Orleans, LA 70163

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

| NO: 2017-10393 | DIVISION: C | SECTION: 10 |

### VIKING CONSTRUCTION GROUP, LLC. ETAL ET AL

#### Versus

### SATTERFIELD AND PONTIKES CONSTRUCTION, INC. ETAL ET AL

#### CITATION

TO:        CDW SERVICES, LLC

THROUGH:     ITS AGENT FOR SERVICE: CHRIS D. WALKER

                721 PAPWORTH AVE., SUITE # 101, METAIRIE, LA 70005

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

Petition for Damages

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15) days after the service hereof under penalty of default.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans Lawyer Referral Service at 504-561-8828. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA October 30, 2017

**Clerk's Office, Room 402, Civil Courts**
**421 Loyola Avenue**
**New Orleans, LA**

**DALE N. ATKINS, Clerk of**
**The Civil District Court**
**for the Parish of Orleans**
**State of LA**
**by**
**Christine Thrift, Deputy Clerk**

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ served a copy of the within | On this _____ day of _____ served a copy of the within |
| **Petition for Damages** | **Petition for Damages** |
| ON  CDW SERVICES, LLC | ON  CDW SERVICES, LLC |
| THROUGH:  ITS AGENT FOR SERVICE: CHRIS D. WALKER | THROUGH:  ITS AGENT FOR SERVICE: CHRIS D. WALKER |
| Returned the same day | by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said CDW SERVICES, LLC being absent from the domicile at time of said service. |
| _____ No. _____ | |
| Deputy Sheriff of _____ | |
| Mileage: $ _____ | Returned the same day |
| _____ / ENTERED / _____ | _____ No. _____ |
| PAPER           RETURN | Deputy Sheriff of _____ |
| _____/_____/_____ | |
| SERIAL NO.    DEPUTY    PARISH | |

ATTORNEY'S NAME:  Watkins, James A 29472
AND ADDRESS:  1100 Poydras Street, Suite 2950 , New Orleans, LA 70163

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

NO: 2017-10393          DIVISION: C          SECTION: 10

## VIKING CONSTRUCTION GROUP, LLC. ETAL ET AL

### Versus

## SATTERFIELD AND PONTIKES CONSTRUCTION, INC. ETAL ET AL

## CITATION

TO:          SATTERFIELD AND PONTIKES CONSTRUCTION GROUP, LLC

THROUGH:     ITS AGENT FOR SERVICE: CT CORPORATION SYSTEM

             3867 PLAZA TOWER DRIVE, BATON ROUGE, LA 70816

### YOU HAVE BEEN SUED:

You must either comply with the demand contained in the

Petition for Damages

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15) days after the service hereof under penalty of default.

## ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans Lawyer Referral Service at 504-561-8828. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

**IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA October 30, 2017**

**Clerk's Office, Room 402, Civil Courts**
**421 Loyola Avenue**
**New Orleans, LA**

**DALE N. ATKINS, Clerk of**
**The Civil District Court**
**for the Parish of Orleans**
**State of LA**
**by _____**
**Christine Thrift, Deputy Clerk**

---

## SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ _____ served a copy of the within | On this _____ day of _____ _____ served a copy of the within |
| **Petition for Damages** | **Petition for Damages** |
| ON  SATTERFIELD AND PONTIKES CONSTRUCTION GROUP, LLC | ON  SATTERFIELD AND PONTIKES CONSTRUCTION GROUP, LLC |
| THROUGH:  ITS AGENT FOR SERVICE: CT CORPORATION SYSTEM | THROUGH:  ITS AGENT FOR SERVICE: CT CORPORATION SYSTEM |
| Returned the same day | by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose |
| _____ No. _____ | name and other facts connected with this service I learned by interrogating |
| Deputy Sheriff of _____ | HIM/HER the said SATTERFIELD AND PONTIKES CONSTRUCTION GROUP, LLC being absent from the domicile at time of said service. |
| Mileage: $ _____ | Returned the same day |
| _____ / ENTERED / _____ | _____ No. _____ |
| PAPER          RETURN | Deputy Sheriff of _____ |
| _____ / _____ / | |
| SERIAL NO.     DEPUTY     PARISH | |

ATTORNEY'S NAME: Watkins, James A 29472
AND ADDRESS: 1100 Poydras Street, Suite 2950 , New Orleans, LA 70163

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
### STATE OF LOUISIANA

NO: 2017-10393      DIVISION: C      SECTION: 10

### VIKING CONSTRUCTION GROUP, LLC. ETAL ET AL

#### Versus

### SATTERFIELD AND PONTIKES CONSTRUCTION, INC. ETAL ET AL

#### CITATION

TO:      SATTERFIELD AND PONTIKES CONSTRUCTION GROUP, LLC

THROUGH:      ITS AGENT FOR SERVICE: CT CORPORATION SYSTEM

         3867 PLAZA TOWER DRIVE, BATON ROUGE, LA 70816

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

Petition for Damages

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15) days after the service hereof under penalty of default.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans Lawyer Referral Service at 504-561-8828. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.
    ********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

**IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA October 30, 2017**

**Clerk's Office, Room 402, Civil Courts**
**421 Loyola Avenue**
**New Orleans, LA**

**DALE N. ATKINS, Clerk of**
**The Civil District Court**
**for the Parish of Orleans**
**State of LA**
**by**
**Christine Thrift, Deputy Clerk**

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ _____ served a copy of the within | On this _____ day of _____ _____ served a copy of the within |
| **Petition for Damages** | **Petition for Damages** |
| ON SATTERFIELD AND PONTIKES CONSTRUCTION GROUP, LLC | ON SATTERFIELD AND PONTIKES CONSTRUCTION GROUP, LLC |
| THROUGH: ITS AGENT FOR SERVICE: CT CORPORATION SYSTEM | THROUGH: ITS AGENT FOR SERVICE: CT CORPORATION SYSTEM |
| Returned the same day | by leaving same at the dwelling house, or usual place of abode, in the hands of |
| _____ No. _____ | a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose |
| Deputy Sheriff of _____ | name and other facts connected with this service I learned by interrogating |
| Mileage: $ _____ | HIM/HER the said SATTERFIELD AND PONTIKES CONSTRUCTION GROUP, LLC being absent from the domicile at time of said service. |
| _____ / ENTERED / _____ | Returned the same day |
| PAPER    RETURN | _____ No. _____ |
| _____ / _____ / _____ | Deputy Sheriff of _____ |
| SERIAL NO.   DEPUTY   PARISH | |

ID: 9773141          Page 1 of 1

**ATTORNEY'S NAME:** Watkins, James A 29472
**AND ADDRESS:** 1100 Poydras Street, Suite 2950 , New Orleans, LA 70163

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

| NO: 2017-10393 | DIVISION: C | SECTION: 10 |
| --- | --- | --- |

## VIKING CONSTRUCTION GROUP, LLC. ETAL ET AL

### Versus

### SATTERFIELD AND PONTIKES CONSTRUCTION, INC. ETAL ET AL

### CITATION

TO:        SATTERFIELD AND PONTIKES CONSTRUCTION, INC.

THROUGH:    ITS AGENT FOR SERVICE: CT CORPORATION SYSTEM

                3867 PLAZA TOWER DRIVE, BATON ROUGE, LA 70816

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

Petition for Damages

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15) days after the service hereof under penalty of default.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans Lawyer Referral Service at 504-561-8828. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

**IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA October 30, 2017**

**Clerk's Office, Room 402, Civil Courts**
**421 Loyola Avenue**
**New Orleans, LA**

**DALE N. ATKINS, Clerk of**
**The Civil District Court**
**for the Parish of Orleans**
**State of LA**
**by** _____
**Christine Thrift, Deputy Clerk**

| SHERIFF'S RETURN |
| --- |
| (for use of process servers only) |

| PERSONAL SERVICE | DOMICILIARY SERVICE |
| --- | --- |
| On this _____ day of _____ _____ served a copy of the within | On this _____ day of _____ _____ served a copy of the within |
| Petition for Damages | Petition for Damages |
| ON SATTERFIELD AND PONTIKES CONSTRUCTION, INC. | ON SATTERFIELD AND PONTIKES CONSTRUCTION, INC. |
| THROUGH: ITS AGENT FOR SERVICE: CT CORPORATION SYSTEM | THROUGH: ITS AGENT FOR SERVICE: CT CORPORATION SYSTEM |
| Returned the same day | by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and |
| _____ No. _____ | discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating |
| Deputy Sheriff of _____ | HIM/HER the said SATTERFIELD AND PONTIKES CONSTRUCTION, INC. being absent from the domicile at time of said service. |
| Mileage: $ _____ | Returned the same day |
| _____ / ENTERED / _____ | _____ No. _____ |
| PAPER           RETURN | Deputy Sheriff of _____ |
| _____ / _____ / | |
| SERIAL NO.     DEPUTY     PARISH | |

ID: 9773140                                          Page 1 of 1

ATTORNEY'S NAME:   Watkins, James A 29472
AND ADDRESS:       1100 Poydras Street, Suite 2950 , New Orleans, LA 70163

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

| NO: 2017-10393 | DIVISION: C | SECTION: 10 |
|---|---|---|

## VIKING CONSTRUCTION GROUP, LLC. ETAL ET AL

### Versus

## SATTERFIELD AND PONTIKES CONSTRUCTION, INC. ETAL ET AL

### CITATION

TO:         SATTERFIELD AND PONTIKES CONSTRUCTION, INC.

THROUGH:    ITS AGENT FOR SERVICE: CT CORPORATION SYSTEM

            3867 PLAZA TOWER DRIVE, BATON ROUGE, LA 70816

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

Petition for Damages

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15) days after the service hereof under penalty of default.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans Lawyer Referral Service at 504-561-8828. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

**IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA October 30, 2017**

Clerk's Office, Room 402, Civil Courts          DALE N. ATKINS, Clerk of
421 Loyola Avenue                               The Civil District Court
New Orleans, LA                                 for the Parish of Orleans
                                                State of LA
                                                by
                                                Christine Thrift, Deputy Clerk

---

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ served a copy of the within | On this _____ day of _____ served a copy of the within |
| Petition for Damages | Petition for Damages |
| ON  SATTERFIELD AND PONTIKES CONSTRUCTION, INC. | ON  SATTERFIELD AND PONTIKES CONSTRUCTION, INC. |
| THROUGH:  ITS AGENT FOR SERVICE: CT CORPORATION SYSTEM | THROUGH:  ITS AGENT FOR SERVICE: CT CORPORATION SYSTEM |
| Returned the same day | by leaving same at the dwelling house, or usual place of abode, in the hands of |
| _____ No. _____ | a person of suitable age and |
| Deputy Sheriff of _____ | discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said SATTERFIELD AND PONTIKES CONSTRUCTION, INC. being absent from the domicile at time of said service. |
| Mileage: $ _____ | Returned the same day |
| _____ / ENTERED /_____ | _____ No. _____ |
| PAPER                RETURN | Deputy Sheriff of _____ |
| _____/_____/_____ | |
| SERIAL NO.      DEPUTY        PARISH | |

ID: 9773140                    Page 1 of 1

**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**

**STATE OF LOUISIANA**

NO. 2017-10393                                    DIVISION "C"

**VIKING CONSTRUCTION GROUP, LLC; EDUCATIONAL ELECTRONICS
CORPORATION; NOVO COMMUNICATIONS, LLC; HAL COLLUMS
CONSTRUCTION, LLC; PERLE CONSTRUCTION GROUP, LLC; and
TOM BRANIGHAN, INC.**

**VERSUS**

**SATTERFIELD AND PONTIKES CONSTRUCTION, INC.; SATTERFIELD AND
PONTIKES CONSTRUCTION GROUP, LLC; and CDW SERVICES, LLC**

FILED: _____          _____
                                                          **DEPUTY CLERK**

<u>**NOTICE OF FILING NOTICE OF REMOVAL**</u>

Pursuant to 28 U.S.C. §§ 1332, 1441 & 1446, defendant, Satterfield and Pontikes

Construction, Inc., hereby gives notice to the Civil District Court for the Parish of Orleans, State

of Louisiana, and to counsel for the Plaintiffs, that a Notice of Removal has been filed today with

the United States District Court for the Eastern District of Louisiana, and that this case has been

removed to that Court.  A copy of the filed Notice of Removal is attached hereto as Exhibit "A."

Accordingly, the Court should proceed no further with respect to the captioned matter unless the

case is remanded.

                                        Respectfully submitted,

                                        **BAKER, DONELSON, BEARMAN,
                                        CALDWELL & BERKOWITZ, PC**

BY:          _____
                                        MATTHEW A. WOOLF, TA (#27146)
                                        MARK W. FRILOT (#27470)
                                        ERIN E. PELLETERI (#30666)
                                        MEGHAN E. CARTER (35074)
                                        201 St. Charles Avenue, Suite 3600
                                        New Orleans, Louisiana 70170
                                        Telephone:  504-566-5200
                                        Facsimile:  504-636-4000

                                        **ATTORNEYS FOR DEFENDANT,
                                        SATTERFIELD AND PONTIKES
                                        CONSTRUCTION, INC.**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing pleading

has been served on all counsel of record via electronic mail or U.S. Mail, properly addressed and

first class postage prepaid, this _20th_ day of November, 2017.

_____
ERIN E. PELLETERI