# United States Court of Appeals
**FIFTH CIRCUIT**
OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE**
**NEW ORLEANS, LA 70130**

July 18, 2018

Mr. William W. Blevins
U.S. District Court, Eastern District of Louisiana
500 Poydras Street
Room C-151
New Orleans, LA 70130

    No. 18-30099    Viking Construction Group, LLC, et al v.
                           Satterfield and Pontikes Const, et al
                           USDC No. 2:17-CV-12838

Dear Mr. Blevins,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

                                 Sincerely,

                                 LYLE W. CAYCE, Clerk

                                 By: _____
                                 LaToya C. Allen, Deputy Clerk
                                 504-310-7623

cc:    Ms. Meghan Carter
       Mr. Frank Anthony Milanese
       Ms. Erin E. Pelleteri
       Mr. James Alexander Watkins
       Mr. Matthew Aaron Woolf

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 18-30099
Summary Calendar

D.C. Docket No. 2:17-CV-12838

United States Court of Appeals
Fifth Circuit
**FILED**
June 26, 2018
Lyle W. Cayce
Clerk

VIKING CONSTRUCTION GROUP, L.L.C.; EDUCATIONAL ELECTRONICS CORPORATION; NOVO COMMUNICATIONS, L.L.C.; HAL COLLUMS CONSTRUCTION, L.L.C.; PERLE CONSTRUCTION GROUP, L.L.C.; TOM BRANIGHAN INCORPORATED,

    Plaintiffs - Appellants

v.

SATTERFIELD AND PONTIKES CONSTRUCTION INCORPORATED; SATTERFIELD AND PONTIKES CONSTRUCTION GROUP, L.L.C.; CDW SERVICES, L.L.C.,

    Defendants - Appellees

Appeal from the United States District Court for the
Eastern District of Louisiana

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

J U D G M E N T

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is affirmed.

IT IS FURTHER ORDERED that plaintiffs-appellants pay to defendants-appellees the costs on appeal to be taxed by the Clerk of this Court.



**Certified as a true copy and issued
as the mandate on Jul 18, 2018**

Attest: *Lyle W. Cayce*
**Clerk, U.S. Court of Appeals, Fifth Circuit**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit
**FILED**
June 26, 2018
Lyle W. Cayce
Clerk

No. 18-30099
Summary Calendar

VIKING CONSTRUCTION GROUP, L.L.C.; EDUCATIONAL ELECTRONICS CORPORATION; NOVO COMMUNICATIONS, L.L.C.; HAL COLLUMS CONSTRUCTION, L.L.C.; PERLE CONSTRUCTION GROUP, L.L.C.; TOM BRANIGHAN INCORPORATED,

    Plaintiffs - Appellants

v.

SATTERFIELD AND PONTIKES CONSTRUCTION INCORPORATED; SATTERFIELD AND PONTIKES CONSTRUCTION GROUP, L.L.C.; CDW SERVICES, L.L.C.,

    Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:17-CV-12838

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-30099

Plaintiff-Appellants Viking Construction Group, LLC and five other Louisiana subcontractors brought suit in state court against Satterfield & Pontikes Construction, Inc.; Satterfield and Pontikes Construction Group, LLC (collectively S&P); and CDW Services, LLC, asserting that defendants violated the Louisiana Racketeering Act (Louisiana RICO) by defrauding the subcontractors out of labor, materials, supplies, and other funds. S&P removed the case to federal district court. The district court denied Appellants' motion to remand and dismissed all claims against each defendant as time-barred. *See* LA. REV. STAT. § 15:1356(H) (establishing five year prescription period for Louisiana RICO claims); *Farmer v. D&O Contractors, Inc.*, 640 F. App'x 302, 304 n.3 (5th Cir. 2016) (noting that, for both federal and Louisiana RICO claims, the "limitations periods begin to run when a plaintiff has knowledge or constructive knowledge of the injury giving rise to a cause of action."); *Ames v. Ohle*, 97 So. 3d 386, 392 (La. Ct. App. 2012) (applying this "injury discovery rule" to Louisiana RICO claims).

For the first time on appeal, Appellants allege that the prescription period for claims under Louisiana RICO does not expire until five years from the defendant's *most recent* racketeering activity. As long as the most recent alleged activity was within five years, Appellants argue, they can bring claims against a defendant for injuries from any past activities that were part of the pattern of racketeering, even though those injuries were discovered longer than five years before.

Our careful review of the record, the parties' briefs, and the district court's ruling demonstrates no error in the district court's dismissal of Appellants' claims. Appellants provide no legal support for their argument that, when a defendant engages in racketeering activity within the past five years, this permits a plaintiff to bootstrap claims against a defendant for injuries allegedly suffered from past racketeering activity. *See Love v. Nat.*

2

*Med. Enter.*, 230 F.3d 765, 772–75 (rejecting this argument as applied to federal RICO claims); *State v. Touchet*, 759 So. 2d 194, 197 (La. Ct. App. 2000) ("Because of the parallel between the [federal] RICO and Louisiana's [RICO] statutes, federal decisions in this area are persuasive.")  Further, the district court correctly concluded that Appellants failed to demonstrate any injury resulting from S&P's alleged filing of a false public record, which is the only alleged racketeering activity that occurred within the five year prescription period.

Accordingly, we affirm the district court's judgment for essentially the reasons stated by that court.